# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GABRIEL ALEXANDER PULLIAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-254-ACL |
| | ) | |
| MISSISSIPPI COUNTY DETENTION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion for Reconsideration filed by Gabriel Alexander Pulliam. The motion will be denied.

Plaintiff commenced this action on October 18, 2016. He moved for leave to proceed in forma pauperis but submitted incomplete financial information, leaving the Court unable to properly consider the motion. He also provided conflicting information regarding his incarceration status and his current mailing address. On October 26, 2016, the Court entered an order directing plaintiff to submit complete financial information, and to inform the Court of his present mailing address.

Plaintiff's response was due on November 16, 2016, but he neither complied with the Court's order nor sought additional time to do so. On November 23, 2016, the Court dismissed plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, noting that plaintiff had both failed to comply with the Court's order and had failed to prosecute his case.

Plaintiff subsequently filed a notice of appeal. However, he failed to pay the requisite docketing fees, and on January 19, 2017, the Court of Appeals directed plaintiff to show cause why his appeal should not be dismissed for failure to prosecute. As of the date of this

Memorandum and Order, plaintiff's appeal remains pending. Plaintiff filed the instant motion on January 12, 2018.

"The filing of a notice of appeal. . . confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal.'" *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). However, when a district court is presented with a motion for reconsideration after a notice of appeal has been filed, it should consider the motion and assess its merits. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004); *Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir. 1991). It may then deny the motion, or indicate its belief that the arguments raised are meritorious. *Id.*

Federal Rule of Civil Procedure 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). Rule 59(e) and Rule 60(b) are analyzed identically. *Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 935 n. 3.

Upon review of the merits of the instant motion, the Court concludes that it presents no valid reason for the Court to reconsider its November 23, 2016 dismissal of this case. The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (Docket No. 23) is **DENIED.**

Dated this 20th day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE